IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WASHINGTON WINDSOR, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:23-cv-611 (RDA/IDD) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the United States of America's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") (Dkt.13) and Plaintiff's Motion for Summary Judgment (Dkt. 18). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Having considered Defendant's Motion to Dismiss together with its Memorandum in Support (Dkt. 14), Plaintiff Washington Windsor's *pro se* Complaint (Dkt. 1), Plaintiff's Opposition to the Motion to Dismiss (Dkt. 30), Plaintiff's Motion for Summary Judgment (Dkt. 18), and Defendant's Opposition to the Motion for Summary Judgment (Dkt. 24), this Court GRANTS Defendant's Motion to Dismiss (Dkt. 13) and DENIES Plaintiff's Motion for Summary Judgment (Dkt. 18) for the reasons that follow.

I. BACKGROUND

A. Factual Background

Plaintiff Washington Windsor is a veteran and Virginia resident. Dkt. 1-1 at 1. In his *pro se* Complaint, Plaintiff asserts four claims against Defendant under the Federal Tort Claims Act ("FTCA") related to: (1) an inadequate hyperglycemia examination, (2) the failure to provide

Chapter 31 benefits, (3) retaliation and "dental mistreatment," and (4) Plaintiff's bankruptcy filing as a result of Defendant's benefits denial decision. *Id.* at 1-3.

Plaintiff's claims arise out of alleged medical malpractice and the wrongful denial of various veteran's benefit claims. Plaintiff first alleges that the Department of Veteran Affairs ("the VA") inadequately examined his hyperglycemia. *Id.* Although Plaintiff alleges that the VA appropriately found that his hyperglycemia was service-connected, he alleges that the VA failed to "provide an endocrinologist examiner" for his compensation and pension ("C&P") examination.[1] *Id.* On October 21, 2022, Plaintiff claims that he filed an administrative tort claim reporting the alleged inadequate examination. *Id.* Plaintiff also alleges that the VA denied him benefits to attend law school and obtain housing. *Id.* at 1-2. After Plaintiff was denied benefits, he filed a second administrative tort claim on December 22, 2022. *Id.* at 2. Plaintiff alleges that the VA's denial of benefits led to a reduction in his credit score, the "[i]nability to rent a new house or purchase a home," and caused him to file for bankruptcy. *Id.* at 2-3.

Plaintiff also alleges that, in retaliation for his prior tort claims challenging the denial of his benefits, a VA healthcare provider removed all of his "upper teeth without providing implantation." *Id.* Plaintiff further claims that "Dentist Bae requested a CBCT [a form of dental imaging] for implantation, but the VA did not provide it for four months." *Id.* According to Plaintiff, this was "contrary to the standard of care and protection of patient rights under the VA healthcare system." *Id.* Finally, Plaintiff alleges that, on January 11, 2023, he filed a third

---

[1] A C&P exam is an exam used by the VA to determine if a veteran applying for disability benefits has a "service-connected disability," and "rate [the veteran's disability if [s/he] has one." VA Claim Exam (C&P Exam), U.S. DEPARTMENT OF VETERANS AFFAIRS, https://perma.cc/VN6B-U7F9/ (last visited October 26, 2023).

2

administrative tort claim with the VA. *Id.* Ultimately, Plaintiff asks for $295,000 in monetary damages, pre- and post-judgment interest, costs, and attorney's fees. *Id.* at 3.

## B. Procedural Background

Plaintiff filed a Complaint in this Court on May 8, 2023. Dkt. 1. Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis, Dkt. 2, and a Motion for Jury Demand, Dkt. 3, on May 8, 2023. On May 15, 2023, Plaintiff filed a Motion to Seal. Dkt. 4. After paying the filing fee, Dkt. 5, Plaintiff filed a Motion to Cancel In Forma Pauperis, Dkt. 7, on June 5, 2023. Thereafter, on August 28, 2023, Defendant filed its Motion to Dismiss. Dkt. 13. On September 13, 2023, Plaintiff filed a Motion for Summary Judgment, Dkt. 18, and a Motion for Default Judgment, Dkt. 16. Defendant filed its Opposition to the Motion for Summary Judgment and Default Judgment, Dkt. 24, on September 27, 2023. On October 6, 2023, Magistrate Judge Davis denied Plaintiff's Motion for Default Judgment. Dkt. 27. Finally, on October 17, 2023, Plaintiff filed his Opposition to the Motion to Dismiss.[2] Dkt. 30

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. In considering a Rule 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is supported. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422

---

[2] Though Plaintiff's Opposition is untimely, in deference to Plaintiff's *pro se* status, the Court will consider the relevant arguments made in Plaintiff's Opposition.

3

U.S. 490, 518 (1975).

There are two ways in which a defendant may prevail on a Rule 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* However, conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

Alternatively, a Rule 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Under this latter approach, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

The gravamen of Plaintiff's allegations is that the VA wrongly denied him certain benefit claims for disability, housing, and education and retaliated against him for filing tort claims against the VA. Based on these allegations, Plaintiff appears to bring claims for medical malpractice, negligence, and retaliation under the FTCA. Dkt. Nos. 1-1; 30 at 1. Defendant urges the Court

4

to dismiss the Complaint for two reasons: (1) lack of subject matter jurisdiction and (2) failure to exhaust administrative remedies. Dkt. 14 at 4-6. Defendant argues that this Court has no subject matter jurisdiction over Plaintiff's claims because review of benefit determinations by the VA is precluded by the Veterans' Judicial Review Act ("VJRA"). Dkt. 14 at 4-5. Additionally, Defendant argues that Plaintiff failed to exhaust his administrative remedies for his remaining claims regarding medical malpractice and dental mistreatment as retaliation. *Id.* at 5-7. Conversely, Plaintiff argues that this Court has jurisdiction under the FTCA and that he is not attempting to challenge the VA benefits decision, but rather the "alleged wrongdoings that have directly harmed the Plaintiff."[3] Dkt. 30 at 1. Plaintiff also maintains that he submitted a tort claim regarding his alleged dental mistreatment in January 2023. *Id.* at 2-3.

### A. VA Benefits Claims

The Court lacks subject matter jurisdiction over Plaintiff's claims challenging the VA's denial of his benefit claims. "Subject matter jurisdiction defines the [C]ourt's authority to hear a given type of case[.]" *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up). Importantly, "[f]ederal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). As such, this Court's jurisdiction is restricted to the categories of cases articulated in Art. III, § 2, cl. 1 and is "further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* In the VJRA, Congress "established a multi-tiered framework for the adjudication of claims regarding veterans' benefits." *Barrett v. USA Veterans Admin.*, No. 5:22-CV-119-M, 2022 WL 19333613, at *2 (E.D.N.C. Oct. 31, 2022), *report and recommendation adopted,* No. 5:22-CV-00119-M, 2023 WL 2731025

---

[3] While Plaintiff's Opposition to the Motion to Dismiss, was untimely, in deference to Plaintiff's *pro se* status, the Court will consider the arguments presented in his Opposition.

(E.D.N.C. Mar. 30, 2023) (internal citation omitted). Under this framework, "[t]he Secretary of the VA, as mandated by the statute, decides 'all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.' " *Hairston v. DVA, Reg'l VA Office Martinsburg*, 841 F. App'x 565, 569 (4th Cir. 2021). Additionally, the Fourth Circuit has held that "[f]ederal district court review of benefits determinations by the VA is precluded by the Veterans' Judicial Review Act." *Id.* (concluding that the district court could not review the VA's determination regarding entitlement to benefits). In *Hairston*, the Fourth Circuit explained that:

> Congress made clear that this specialized review process is also an exclusive one. Beyond this narrow route, federal courts generally are barred from hearing challenges to benefits determinations. The Secretary's decisions on "all questions of law and fact" relevant to "the provision of benefits" are "final and conclusive and may not be reviewed by any other official or by any court" beyond the statutorily prescribed appeals process. *Id.* § 511(a). The upshot, as we have explained, is that federal district courts lack jurisdiction to review VA decisions that "affect the provision of the benefits awarded by the VA." *Butler v. United States*, 702 F.3d 749, 753 (4th Cir. 2012) (citation omitted).

*Id.* at 570. As this authority makes clear, the Court lacks jurisdiction over Plaintiff's claims challenging the denial of benefits and those claims will be dismissed.

Though Plaintiff's claims regarding the denial of benefits cannot be heard by this Court, Plaintiff is not without a remedy as he can utilize the process that is set forth in the VJRA. *Id.* Confusingly, Plaintiff argues that he is *not* challenging his VA benefits decisions. Dkt. 30 at 1. However, in Plaintiff's Complaint, he alleges that the "VA failed to provide Chapter 31 benefits and orientation, as required by law, resulting in a denial of entitled educational and housing assistance," and he explicitly seeks relief from the VA's actual benefits decision. Dkt. 1-1 at 2. In reviewing the pleadings, it appears that almost all of Plaintiff's allegations arise from the VA-benefit denial decisions, *e.g.*, law school tuition, a housing allowance, disability benefits, and bankruptcy filings. Therefore, any decision this Court could make on Plaintiff's claims would

necessarily involve a review of the VA's benefits decisions, which this Court does not have the power to do. *See Howell v. United States,* No. 5:14-CV-00898-F, 2015 WL 7459848, at *3 (E.D.N.C. Nov. 24, 2015), *aff''d*, 668 F. App'x 28 (4th Cir. 2016) (finding that the VJRA precluded the court from exercising subject matter jurisdiction over a claim seeking compensation for personal injury and property damage and alleging medical malpractice arising from a denial of VA benefits). Accordingly, the Court will dismiss Plaintiff's claims challenging the VA benefits determination.

## B. FTCA Claims

Plaintiff's only remaining claim is for retaliation and "dental mistreatment." Dkt. 1 at 2. Defendant argues that, to the extent that Plaintiff asserts a tort claim based on medical malpractice or retaliation based on dental mistreatment, the Court lacks jurisdiction because Plaintiff failed to exhaust his administrative remedies by presenting an administrative tort claim to the VA. Dkt. 14 at 5-8. Plaintiff asserts a variety of theories in his Opposition, including that VA employees obstructed the filing of his tort claim arising from his alleged dental mistreatment. Dkt. 30 at 3. Plaintiff also requests that this Court issue subpoenas to named and unnamed VA employees that he believes were involved in the alleged obstruction. *Id.* This Court is not persuaded by Plaintiff's arguments. Ultimately, this Court lacks jurisdiction over Plaintiff's dental mistreatment claim because Plaintiff failed to exhaust his administrative remedies as required by the FTCA.

The United States and its agencies are immune from suit except where there is a waiver of immunity. The FTCA provides for a limited waiver of the United States' immunity for certain negligent conduct of its employees, and it strictly prescribes the terms and conditions required to bring suit. *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990). Before a plaintiff may bring a claim under the FTCA in federal court, the plaintiff must complete

an "initial presentation of a claim to the appropriate federal agency within two years of the accrual of the cause of action and a final denial by that agency as a jurisdictional prerequisite to suit . . . ." *Id.* The presentment requirement is jurisdictional, and therefore courts cannot consider an unexhausted FTCA claim. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). "A claimant exhausts his administrative remedies by providing (1) a written statement sufficiently describing the injury to engage the agency to begin its own investigation, and (2) a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." *McManus v. Dep't of Homeland Sec.*, No. 1:22-cv-00346-MSN-TCB, 2022 WL 18635841, at *2 (E.D. Va. July 13, 2022) (cleaned up).

Plaintiff did not exhaust his administrative remedies with respect to his dental mistreatment claim. Plaintiff alleges that he filed administrative tort claims with the VA on October 21, 2022, December 22, 2022, and on January 11, 2023. Dkt. 1-1 at 1-2. Plaintiff asserts that his January 2023 administrative tort claim arose from his dental mistreatment allegations. Defendant argues that it did not receive an administrative tort claim in January 2023. Dkt. 14-1 at 1-2. Specifically, Defendant submitted a declaration from Kerry Loring, a Senior Attorney for the VA, stating that "the only document the agency received pertaining to [the dental mistreatment] allegation is a referral from a dental practitioner to an oral surgeon for an evaluation." *Id.*

As appropriate for a motion to dismiss for lack of jurisdiction, the United States presented persuasive evidence to counter Plaintiff's allegation that he exhausted his remedies, and Plaintiff has not provided any evidence[4] to rebut Defendant's declaration. Where a plaintiff has failed to

---

[4] While Plaintiff does attach receipts for certified mail to the "Office of the General Counsel" to his Opposition, Plaintiff does not explain how those receipts would refute Defendant's claims, as the receipts are dated April 2023. Dkt. 30-2 at 2, 4, 5. Plaintiff also accuses VA employees of interfering with the filing of his third administrative tort claim but provides no evidence beyond mere speculation. Dkt. 30 at 3.

file an administrative tort claim and the defendant moves for dismissal, "courts have accepted an agency counsel's unrebutted declaration to support dismissal under Fed. R. Civ. P. 12(b)(1)." *McManus*, 2022 WL 18635841, at *3; *see also Buck v. United States Dep't of Just.,* No. 5:19-CT-3100-FL, 2022 WL 945584, at *3 (E.D.N.C. Mar. 29, 2022) (noting that the court may consider matters outside the pleadings when ruling on a motion to dismiss for lack of subject matter jurisdiction, rejecting plaintiff's argument that discovery was necessary on administrative exhaustion, and finding that the plaintiff failed to exhaust his FTCA administrative remedies where he failed to offer any evidence suggesting he filed an administrative claim). Based on the evidence presented by Defendant and Plaintiff's failure to provide evidence to the contrary, the Court finds that Plaintiff has failed to exhaust his administrative remedies under the FTCA. Accordingly, Plaintiff's dental mistreatment claims will be dismissed.

Lastly, Defendant argues that even if Plaintiff did file a third administrative tort claim, his claim for dental mistreatment is prematurely before the Court. Dkt. 14. at 7. The FTCA provides that, prior to filing an FTCA suit in federal court, a plaintiff must wait for the VA to deny the claim or for six months to elapse. 28 U.S.C. § 2675(a); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990). Plaintiff alleges that he filed his administrative tort claim regarding the dental mistreatment in January 2023. Plaintiff filed the instant suit in May 2023. Dkt. 1. Plaintiff did not allege that the VA denied his claim and six months could not have passed prior to Plaintiff filing suit in May 2023. As such, even if Plaintiff did file his third administrative tort claim, the Court still would not have jurisdiction over Plaintiff's alleged medical malpractice and dental mistreatment because the claim is premature. *See, e.g.*, *O'Connell v. United States*, No. 7:22-CV-138-M-BM, 2023 WL 4417299, at *4 (E.D.N.C. June 8, 2023) (holding that a plaintiff did not establish that he exhausted administrative remedies where he did not allege that the agency denied his administrative tort

9

claim and six months could not have passed between filing of the tort claim and the complaint in federal district court).

In sum, this Court does not have subject matter jurisdiction over the instant action. Accordingly, the Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

### C. Motion to Seal

Plaintiff has a pending motion to seal his entire case. Dkt. 4. Plaintiff argues that the entire case should be sealed because: (1) the filings contain sensitive information which could be harmful to him and his children if left accessible to the public, (2) he is entitled to certain protections under VAWA and by the DHS and DOJ, (3) the government has an interest in protecting veterans and maintaining national security, and (4) there is a need to preserve the integrity of an ongoing investigation. Dkt. 4 at 2. Defendant has not filed any objection to the Motion to Seal.

"Motions to file documents under seal are disfavored and discouraged," and "[b]lanket sealing of entire briefs, documents, or other papers is rarely appropriate." E.D. Va. Civ. R. 5. Motions to seal are disfavored because both common law and the First Amendment endeavor to protect the right of public access to documents filed in a district court. Under the common law, there is a presumption of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To rebut this presumption, the moving party must show that countervailing interests heavily outweigh the public's interest in access. *Id.* To determine if the countervailing interests outweigh the public's interest, the court may weigh "the interests advanced by the parties in light of the public interests and the duty of the courts." *Id.* at 602. Here, the First Amendment presumption of access is stronger. Under the First Amendment, access can only be denied where there is a compelling government interest and only if the denial is narrowly tailored to serve that interest. *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984); *In re Washington Post Co.*, 807

10

F.2d 383, 390 (4th Cir. 1986). The Fourth Circuit has held that the more rigorous standard should apply to documents filed in connection with summary judgment in a civil case. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988) (citing *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). As Plaintiff appears to be asking to seal the entire case, including his complaint and motion for summary judgment, the Court will consider the Motion to Seal under the First Amendment standard.

Plaintiff has failed to demonstrate a compelling interest to overcome the presumptive right of public access in a civil action. While documents that contain certain sensitive information may be sealed, Plaintiff has asked the Court to indiscriminately seal his entire case. Plaintiff is correct that he has an interest in the privacy of his medical records. Dkt. 6 at 4; *see e.g.*, *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (2d Cir. 1980) ("There can be no question that an employee's medical records . . . are well within the ambit of materials entitled to [constitutional] privacy protection."). However, here, Plaintiff effectively seeks to seal any reference to his medical conditions, which are the basis for his claims under the FTCA. Plaintiff also does not point to any specific medical records that should be sealed. Lastly, Plaintiff argues that because he and his children are VAWA awardees, sealing is necessary for their safety and to protect the identities of Plaintiff and his children. Yet, none of Plaintiff's filings detail information regarding his children and Plaintiff does not explain how denying the Motion to Seal would jeopardize Plaintiff's or his children's safety under VAWA. Thus, Plaintiff has failed to show a compelling interest.

Granting Plaintiff's request to seal the entire case would severely infringe on the public's interest in access to court documents and this Court finds that Plaintiff has failed to satisfy even the lower common law threshold. Plaintiff is suing the United States seeking relief from VA

11

benefits decisions and for medical retaliation. "Litigation occurs in public," so some level of infringement on a Plaintiff's privacy can be expected. *Warnick v. Arrowsmith*, No. 3:16v876, 2017 WL 2999025, at *5 (E.D. Va. July 14, 2017); *see also Mikhail v. Manchester Univ., Inc.*, No. 1:17-CV-269-HAB, 2022 WL 872731, at *1 (N.D. Ind. Mar. 24, 2022) (noting that "when a litigant brings a federal lawsuit they must expect at least some infringement on their personal privacy occasioned by the public nature of the proceedings"). While Plaintiff argues that sealing is necessary to protect Plaintiff's and his children's safety under VAWA, his claims are too speculative and conclusory to warrant sealing the entire case. *Doe v. Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014) (finding that the Court could not seal an entire case based on "unsubstantiated or speculative claims of harm . . . ."). Plaintiff's other allegations regarding the government's interest in protecting veterans, maintaining national security, and preserving the integrity of an ongoing investigation are equally conclusory and speculative such that the Court cannot rule that they are sufficient to overcome the presumption of public access.

Therefore, as Plaintiff has not overcome the presumption of public access, the Court will deny Plaintiff's Motion to Seal. If Plaintiff wishes to request the sealing of specific filings or to submit redacted filings, Plaintiff is directed to and must comply with Local Rule 5. E.D. Va. Civ. R. 5.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 13) is GRANTED and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and it is

FURTHER ORDERED that Plaintiff's Motion to Seal (Dkt. 4) is DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Cancel In Forma Pauperis (Dkt. 7) is GRANTED [5]; and it is

FURTHER ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 2) is DENIED as MOOT; and it is

FURTHER ORDERED that Plaintiff's Motion for Jury Demand (Dkt. 3) is DENIED as MOOT; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 18) is DENIED as MOOT.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiffs wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
November 14, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[5] Plaintiff paid the filing fee on May 16, 2023. Dkt. 5.